# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| Lori Kumpus, ) | |
| on behalf of herself and ) | |
| all others similarly situated, ) | Civil Action No. _____ |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORIGINAL CLASS ACTION COMPLAINT |
| Weltman, Weinberg & Reis Co., LPA ) | |
| ) | |
| Defendant. ) | |

## NATURE OF ACTION

1.  This is class action brought under the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2.  This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.  Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where acts and transactions giving rise to Plaintiff's action occurred in this State and this District, where Plaintiff resides in this State and this District, and where Defendant transacts business in this State and this District.

1

## PARTIES

4. Plaintiff Lori Kumpus ("Plaintiff") is a natural person who at all relevant times resided in the State of Ohio, County of Stark.

5. Defendant Weltman, Weinberg & Reis Co., LPA, ("Defendant"), is a professional corporation formed under the laws of Ohio, with its principal place of business at 323 West Lakeside Ave., Suite 200, Cleveland, OH 44113. Defendant may be served by and through its registered agent: Alan Weinberg, located at the same address.

6. Defendant is a corporation which at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

8. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

9. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

10. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction or transactions in which the money, property, insurance, and/or services that are the subject of the transaction(s) were incurred primarily for personal, family, or household purposes.

11. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

2

12.     Defendant employs over 125 attorneys and more than 1,100 legal assistants, debt collectors, support and administrative staff throughout its ten offices, located in Brooklyn Heights, OH; Chicago, IL; Cincinnati, OH; Cleveland, OH; Columbus, OH; Detroit, MI; Ft. Lauderdale, FL; Grove City, OH; Philadelphia, PA; and Pittsburgh, PA.

13.     Defendant is the largest creditors' rights firm in the country according to Collections & Credit Risk magazine, using revenue as a measurement.

14.     Defendant states on its web site: "Weltman, Weinberg and Reis Co., LPA (WWR), the nation's largest creditors' rights law firm, was founded over 80 years ago to provide comprehensive collection services to our clients. Not only have we established ourselves as a recognized leader in our industry, we have also built a technology platform and service model to handle any type of collection matter. We represent clients of all sizes, from the world's largest financial institutions to small consumer matters, all with one simple goal – to leverage our experience and expertise in proving you a reliable and consistent recovery to fit the needs of your organization."  See http://www.weltman.com/practices/consumer-collections/

15.     Defendant documents and records its collection activity with respect to each account placed with Defendant for collection.  Defendant takes care to maintain the integrity of its collection data, stored on a secure, high speed network.  Defendant employs sophisticated report-generating technologies, which it makes available to its clients.  See http://www.weltman.com/about/security/

16.     In connection with collection of an alleged debt in default, Defendant called Plaintiff's residential telephone on June 29, 2011 at approximately 1:27 P.M., and at such time, Defendant left the following voicemail message:  "Hi, Lori. This is Sandy Armstrong at Weltman, Weinberg & Reis.  Please return my phone call.  We do need to speak.  My number is 614-883-0631.  Again, 614-883-0631.  Thank you."

3

17. Defendant called Plaintiff's residential telephone on June 30, 2011 at 12:16 P.M., and at such time, Defendant left the following voicemail message: "Hi, Lori. This is Sandra Armstrong at Weltman, Weinberg & Reis. I need you to return my call today, please. My number is 614-883-0631. Again, 614-883-0631. Thank you."

18. Defendant, as a matter of pattern and practice, leaves voicemail messages for alleged consumer-debtors using substantially similar or materially identical language as in those left for Plaintiff, in which it fails to disclose that the communication is from a debt collector.

19. For example, on or about December 22, 2010, Defendant left the following voicemail message for a similarly situated alleged consumer-debtor: "Jermain, my name is Carl, I'm calling from Weltman, Weinberg & Reis. I need a return phone call at 614-883-0653. I will be in the office this evening until four o'clock."

20. On or about February 28, 2011, Defendant left the following voicemail message for a similarly situated alleged consumer-debtor: "This message is for Jermain. This is Omar with Weltman, Weinberg & Reis. You need to call me back today at 614-801-2627 or at 1-800-476-7315 extension 22627."

21. On or about June 30, 2011, Defendant left the following voicemail message for a similarly situated alleged consumer-debtor: "This message is for James []. Please return the call at 800-286-9403, reference number 8376988. Thank you."

## CLASS ACTION ALLEGATIONS

22. Plaintiff brings this action on behalf of herself and all others similarly situated. Specifically, Plaintiff seeks to represent a class of individuals defined as:

> All persons located in Ohio who, within one year before the date of this complaint, received a voicemail message from Defendant in connection with an attempt to collect any consumer debt, where the voicemail message was substantially similar or materially identical to the messages delivered to Plaintiff, and that failed to

4

disclose that the communication was from a debt collector.

23. The proposed class specifically excludes the United States of America, the states of the Sixth Circuit, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Sixth Circuit and the United States Supreme Court, all officers and agents of Defendant and all persons related to within the third degree of consanguinity or affection to any of the foregoing individuals.

24. The class is averred to be so numerous that joinder of members is impracticable.

25. The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery.

26. The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendant.

27. There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) The existence of Defendant's identical conduct particular to the matters at issue; (b) Defendant's violations of 15 U.S.C. § 1692 *et seq.*; (c) The availability of statutory penalties; and (d) Attorney's fees and costs.

28. The claims of Plaintiff are typical of those of the class she seeks to represent.

29. The claims of Plaintiff and of the class originate from the same conduct, practice, and procedure, on the part of Defendant. Thus, if brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts.

30. Plaintiff possesses the same interests and has suffered the same injuries as each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

31. Plaintiff will fairly and adequately protect the interests of the class and has no interest adverse to or which directly and irrevocably conflicts with the interests of other members of the class.

32. Plaintiff is willing and prepared to serve this Court and proposed class.

33. The interests of Plaintiff are co-extensive with and not antagonistic to those of the absent class members.

34. Plaintiff has retained the services of counsel who are experienced in consumer protection claims, as well as complex class action litigation, will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members.

35. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(A) and 23(b)(1)(B). The prosecution of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class who are not parties to the action or could substantially impair or impede their ability to protect their interests.

36. The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class, which would establish incompatible standards of conduct for the parties opposing the class. Such incompatible standards of conduct and varying adjudications, on what would necessarily be the same essential facts, proof and legal theories, would also create and allow the existence of inconsistent and incompatible rights within the class.

37. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) in that Defendant has acted or refused to act on grounds generally applicable to the class, making final declaratory or injunctive relief appropriate.

38. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that the questions of law and fact that are common to members of the class predominate over any

6

questions affecting only individual members.

39. Moreover, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint in that: (a) individual claims by the class members will be impracticable as the costs of pursuit would far exceed what any one plaintiff or class member has at stake; (b) as a result, very little litigation has been commenced over the controversies alleged in this Complaint and individual members are unlikely to have interest in prosecuting and controlling separate individual actions; (c) the concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy.

## COUNT I: VIOLATION OF 15 U.S.C. § 1692e(11)

40. Plaintiff repeats and re-alleges each and every allegation contained above.

41. 15 U.S.C. § 1692e(11) provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> *   *   *
>
> (11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

15 U.S.C. § 1692e(11).

42. Under § 1692e(11), a debt collector must disclose in the initial written communication, and in the initial oral communication if the initial communication is oral, that he is attempting to collect a debt and that any information obtained will be used for that purpose.

7

43. The FDCPA requires that a debt collector identify himself as a debt collector in *all* subsequent communications. *See e.g. Savage v. Hatcher*, 109 Fed. Appx. 759, 761 (6th Cir. 2004); *Schwarm v. Craighead,* 552 F. Supp. 2d 1056, 1081-82 (E.D. Cal. 2008) (finding that the defendant creditor was required to include the disclosure that the communication was from a debt collector in all eleven subsequent communications between the defendant creditor and the plaintiff debtor); *Schnitzspahn v. F.A.B., Inc*., 21 F.Supp.2d 781, 784 (W.D. Tenn. 1997) ("Section 1692e(11) requires that a debt collector clearly disclose in all communications made to collect a debt that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose.").

44. The voicemail messages delivered to Plaintiff are "communications" regardless of whether a debt is mentioned in the message. *Glover v. Client Services, Inc*., No. 1:07-CV-81, 2007 WL 2902209 at *6 (W.D. Mich. Oct. 2, 2007); *Berg v. Merchants Assoc. Collection Div., Inc.,* 586 F. Supp. 2d 1336 (S.D. Fla. 2008), citing *Belin v. Litton Loan Servicing, LP,* 2006 WL 1992410 *4 (M.D. Fla. 2006) (holding that messages left on debtor's answering machines were "communications" under the FDCPA); *Hosseinzadeh*, 387 F. Supp. 2d at 1115-16 (holding that a voice mail message is a "communication" under the FDCPA); *Savage v. NIC, Inc.*, No. CV 08-1780-PHX-JAT, 2009 WL 2259726 at *6 (D. Ariz. 2009).

45. Defendant failed to identify itself as a debt collector in the voicemail messages that it left for Plaintiff.

46. Defendant violated 15 U.S.C. § 1692e(11) by failing to disclose during communication with Plaintiff that the communication was from a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a. Determining that this action is a proper class action, certifying Plaintiff as class representative under Rule 23 of the Federal Rules of Civil Procedure and designating this Complaint the operable complaint for class purposes;

    b. Adjudging that Defendant violated 15 U.S.C. § 1692e(11).

    c. Awarding Plaintiff, and all those similarly situated, statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00 per class member.

    d. Awarding Plaintiff, and all those similarly situated, their reasonable attorneys' fees ands costs incurred in this action, including counsel fees and expert fees;

    e. Awarding Plaintiff, and all those similarly situated, any pre-judgment and post-judgment interest as may be allowed under the law;

    f. Awarding such other and further relief as the Court may deem just and proper.

## COUNT II: VIOLATION OF 15 U.S.C. § 1692d(6)

47. Plaintiff repeats and re-alleges each and every allegation contained above.

48. 15 U.S.C. § 1692d(6) provides:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> \*    \*    \*
>
> (6) Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

15 U.S.C. § 1692d(6).

49. Title 15 U.S.C. § 1692d(6) prohibits the placement of telephone calls without meaningful disclosure of the caller's identity. "Meaningful disclosure" requires that the caller state his or her name and capacity, and disclose enough information so as not to mislead the

recipient as to the purpose of the call." *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F. Supp. 2d 1104, 1115 (C.D. Cal. 2005); *Costa v. National Action Financial Services*, 634 F. Supp. 2d 1069 (E.D. Cal. 2007) (defining "meaningful disclosure" as "requir[ing] that the caller [s]tate his or her name and capacity, and disclose enough information so as not to mislead the recipient as to the purpose of the call.").

50. A debt collector fails to meet the standards prescribed by 15 U.S.C. § 1692d(6) where it fails to disclose that the caller was a debt collector and that the purpose of the call was to collect a debt. *Koby v. ARS Nat. Services, Inc*., 2010 WL 1438763, at *5 (S.D. Cal. 2010); *see also Hutton v. C.B. Accounts, Inc.*, 2010 WL 3021904, at *3 (C.D. Cal. 2010) ("Defendant cites no authority to support its argument that leaving an employee's first name and return telephone number are sufficient as a matter of law for meaningful disclosure under the FDCPA"); *Savage v. NIC, Inc.*, 2009 WL 2259726 (D. Ariz. 2009) (citing favorably *Hosseinzadeh v. M.R.S. Associates, Inc.* and *Costa v. National Action Financial Services*); *Baker v. Allstate Financial Services, Inc.,* 554 F.Supp.2d 945, 949-50 (D. Minn. 2008) (finding that a debt collector failed to meaningfully disclose its identity where it failed to disclose the nature of its business).

51. The voicemail messages left by Defendant for Plaintiff in the present case are notably similar to the communications held to violate the FDCPA described above. In both instances, the voicemail messages fail to disclose that the call was placed on behalf of a collection agency. Also, the voicemail messages fail to disclose the true nature and purpose of the call — that is, to collect a debt allegedly owed by Plaintiff.

52. Defendant violated § 1692d(6) when it left for Plaintiff a voicemail message that failed to disclose Defendant's identity as a debt collector and the nature of the call. *Foti v. NCO Financial Systems, Inc.*, 424 F. Supp. 2d 643 (S.D.N.Y. 2006) (holding collector's identification

of itself by name in pre-recorded message did not satisfy FDCPA's requirement that it disclose that the communication is from a debt collector).

53. Defendant's voicemail messages described herein fail to state the nature of Defendant's business as debt collector or the purpose of the communication as an attempt to collect a debt.

54. Defendant violated 15 U.S.C. § 1692d(6) by failing to provide meaningful disclosure of its identity when placing telephone calls to Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a. Determining that this action is a proper class action, certifying Plaintiff as class representative under Rule 23 of the Federal Rules of Civil Procedure and designating this Complaint the operable complaint for class purposes;

   b. Adjudging that Defendant violated 15 U.S.C. § 1692d(6).

   c. Awarding Plaintiff, and all those similarly situated, statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00 per class member.

   d. Awarding Plaintiff, and all those similarly situated, their reasonable attorneys' fees ands costs incurred in this action, including counsel fees and expert fees;

   e. Awarding Plaintiff, and all those similarly situated, any pre-judgment and post-judgment interest as may be allowed under the law;

   f. Awarding such other and further relief as the Court may deem just and proper.

### TRIAL BY JURY

55. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: September 15, 2011.            Respectfully submitted,

                                       WEISBERG & MEYERS, LLC

        /s/ Ronald S. Weiss
Ronald S. Weiss
Ohio Bar No. 0076096
7035 Orchard Lake Road, Suite 600
West Bloomfield, MI 48322
RWeiss@AttorneysForConsumers.com
(888) 595-9111 ext. 230
(866) 565-1327 Fax
*Lead Counsel for Plaintiff*

**Correspondence address**

Weisberg & Meyers, LLC
5025 N. Central Ave., #602
Phoenix, AZ 85012

*Attorneys for Plaintiff* LORI KUMPUS